**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000128
30-AUG-2013
09:36 AM**

NO. CAAP-11-0000128

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAPITAL ONE BANK (USA), N.A., Plaintiff-Appellee, v.
MIKE J. STEWART, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. RC10-1-0024)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Mike J. Stewart ("Stewart") appeals from the January 26, 2011 Order Granting Plaintiff's Motion (1) to Deem Plaintiff's Request for Admissions Directed to Defendant Admitted; and (2) for Summary Judgment Filed on December 14, 2010 ("Order Granting Motion") and the February 14, 2011 Judgment[1] entered in the District Court of the Fifth Circuit ("District Court").[2]

Plaintiff-Appellee Capital One Bank (USA), N.A. ("Capital One") alleged that Stewart failed to repay the balance owed on his credit card. On December 14, 2010, Capital One filed Plaintiff's Motion (1) to Deem Plaintiff's Request for Admissions Directed to Defendant Admitted; and (2) for Summary Judgment ("Motion"), arguing that the District Court should deem matters

---

[1] Stewart's notice of appeal does not specifically refer to the Judgment, but does cite to the February 14, 2011 Notice of Entry of Judgment or Order, which was filed on the same date as the Judgment. "[A] mistake in designating the judgment should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." *State v. Graybeard*, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (ellipsis and internal quotation marks omitted) (quoting *City & Cnty. of Honolulu v. Midkiff*, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976)). As this legal standard is satisfied here, we deem Stewart to have appealed from the Judgment.

[2] The Honorable Frank D. Rothschild presided.

contained in Plaintiff's First Request for Admissions and for Answers to Interrogatories Directed to Defendant ("Request for Admissions") admitted, because Stewart failed to reply, and, whether because of those admissions or even without regard to them, that it was entitled to summary judgment. The District Court granted the Motion and entered judgment in favor of Capital One in the amount of $6,251.86.

On appeal,[3/] Stewart argues that (1) Capital One "failed to invoke the jurisdiction of the trial court," (2) Capital One failed to establish that it had standing, (3) the District Court "lost jurisdiction the instant [Stewart] was deprived of due process," (4) the District Court "abused its discretion by ignoring [Stewart's] evidence," (5) the District Court "erred by showing an appearance of prejudice against [Stewart]," and (6) Capital One committed fraud upon the court.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Stewart's appeal as follows:

(1) Stewart generally claims that the District Court lacked jurisdiction without identifying the reason why this is the case. Nevertheless, district courts "have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $25,000 . . . ." HAW. REV. STAT. § 604-5(a) (Supp. 2012). "Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount." *Id.* Capital One claimed that Stewart owed it a debt in the principal amount of $4,409.46, which is less than $25,000. Thus, the District Court had jurisdiction.

(2) Stewart argues that Capital One failed to establish standing because it failed to show that it advanced him money or

---

[3/] Stewart's opening brief failed to include a statement of the points of error as required by Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4). Nevertheless, we strive to address the appeals of pro se parties on the merits where possible. *Hawaiian Props., Ltd. v. Tauala*, 125 Hawaiʻi 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011). Here, the "Legal Discussion" section in Stewart's opening brief presents six enumerated arguments. We treat these arguments as Stewart's points of error.

that it was harmed.  We hold that Stewart's argument is without merit.

"The crucial inquiry with regard to standing is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his or her invocation of the court's jurisdiction and to justify exercise of the court's remedial powers on his or her behalf." *Sierra Club v. Hawaiʻi Tourism Auth. ex rel. Bd. of Dirs.*, 100 Hawaiʻi 242, 250, 59 P.3d 877, 885 (2002) (brackets omitted) (quoting *Mottl v. Miyahira*, 95 Hawaiʻi 381, 389, 23 P.3d 716, 724 (2001)).

> In deciding whether the plaintiff has the requisite interest in the outcome of the litigation, we employ a three-part test: (1) has the plaintiff suffered an actual or threatened injury as a result of the defendant's conduct; (2) is the injury fairly traceable to the defendant's actions; *and* (3) would a favorable decision likely provide relief for plaintiff's injury.

*Id.* (ellipsis and footnote omitted) (quoting *Mottl*, 95 Hawaiʻi at 389, 23 P.3d at 724).

Here, Capital One presented evidence that it "allowed [Stewart] to make purchases on credit and/or to obtain cash advances by using the credit account[,]" pursuant to a credit account agreement between Capital One and Stewart; that Capital One mailed billing statements to Stewart's P.O. Box in Hanalei (the same P.O. Box Stewart listed as his address in his various court filings); that Stewart never timely disputed any charges; that Stewart made partial payments and never attempted to cancel the credit account agreement; that Stewart failed to repay the monies loaned or advanced; and that as of October 10, 2009, Capital One was owed $4,409.46.  This evidence shows that Capital One was harmed by Stewart and that a judicial determination in its favor would provide it a remedy.  Furthermore, this evidence was sufficient to support Capital One's motion for summary judgment.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Dist. Ct. R. Civ. P. 56(e).

In response to the Motion, Stewart presented his affidavit, where he claimed that he had "no recollection" of the debt on the credit account and "no recollection" of using the credit card. General denials based on a purported lack of memory are insufficient to create a dispute of material fact; instead, it was Stewart's responsibility to present specific facts which would permit a trier of fact to find that he did not legally owe $4,409.46 to Capital One, either in whole or in part.[4] *Accord Discover Bank v. Combs*, No. 11CA25, 2012 WL 2832550, at *5 (Ohio Ct. App. July 9, 2012) (claim that defendant "does not remember applying for nor using this card" is a general denial insufficient to defeat summary judgment); *see also I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc.*, 182 F.3d 51, 55 (1st Cir. 1999) ("mere lack of recollection" is insufficient to defeat summary judgment). This, Stewart failed to do.

Therefore, the record shows that Captial One had standing to assert a debt-collection action against Stewart.

(3) Stewart argues that, at the hearing on the Motion, he "denied [Capital One's] claim, asserted that [Capital One's] Discovery Requests were answered by [him], asserted that [his] Discovery Requests were ignored[,] and clearly objected to [the Motion]." It is the appellant's obligation, however, to provide the appellate court with transcripts of lower-court proceedings if an argument on appeal requires consideration of such proceedings. *Thomas-Yukimura v. Yukimura*, No. SCWC-29927, 2013 WL 3364104, at *8 n.19 (Haw. June 27, 2013). Stewart failed to provide this Court with a transcript of the hearing and, thus, cannot rely on anything that allegedly did or did not happen at this hearing.

As the record on appeal stands, Stewart has not shown that he was deprived of due process as a matter of law because Stewart has not established that the District Court erroneously

---

[4]    In his affidavit, Stewart claimed that he disputed the debt owed in a letter addressed to Capital One's attorney, dated October 10, 2009. However, this letter merely made speculative allegations and legal conclusions that the "putative debt" is "the result of a unilateral contract of adhesion" and that "the insurance company is the de facto owner of the debt," among other similar claims and warnings. Stewart did not dispute that he had in fact used the credit account as alleged.

4

granted Capital One summary judgment, as stated above.

(4) Stewart argues that the District Court ignored his evidence opposing summary judgment — specifically, evidence relating to the District Court's decision to deem various allegedly unanswered requests for admissions admitted. Even if the District Court erred in ruling that Stewart had admitted certain facts, however, the error was harmless. As explained above, Capital One's other evidence that Stewart had incurred an unsatisfied debt to Capital One was not overcome by Stewart's affidavit. Thus, Stewart has not shown error.

(5) Stewart argues that the District Court exhibited prejudice against him. Stewart points to nothing in support of his argument other than the District Court's granting of summary judgment in favor of Capital One, an action that we conclude was correct. Nothing in our independent review of the record supports Stewart's contention. Thus, the argument fails.

(6) Stewart argues that Capital One committed fraud upon the court. In support, Stewart presents nothing but speculation and conclusory arguments. Therefore, we hold that the point of error is without merit.

Therefore,

The January 26, 2011 Order Granting Plaintiff's Motion (1) to Deem Plaintiff's Request for Admissions Directed to Defendant Admitted; and (2) for Summary Judgment Filed on December 14, 2010, and the February 14, 2011 Judgment are affirmed.

DATED: Honolulu, Hawai‘i, August 30, 2013.

On the briefs:

Mike J. Stewart,
Pro Se Defendant-Appellant.

Marvin S.C. Dang and
Jason M. Oliver,
(Law Offices of Marvin S.C.
Dang, LLL)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge